UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BARBARA ANNE CARROLL,

        Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

        Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, BARBARA ANNE CARROLL ("Dr. Carroll"), by and through undersigned counsel, and brings this action against Defendant, WELLS FARGO BANK, N.A. ("Wells Fargo"), and as grounds thereof alleges as follows:

**INTRODUCTION**

1. Dr. Carroll is a delightfully charming and spunky great-great-grandmother of one, great-grandmother of five, and grandmother of eight. With a PhD in criminal justice and over a decade as a probation officer for the Michigan Department of Corrections, Dr. Carroll is not easily flustered. With over two decades working in retail banking, Dr. Carroll knows very well how a simple check-cashing procedure should go. What she certainly did not expect when she attempted to cash a $140.00 check drawn upon a Wells Fargo checking account was to be accused of fraud, have her license and passport seized, and getting stuck for nearly three hours until the police arrived.

2. What Dr. Carroll did not take into account is the fact that she was an African American woman in the predominantly white affluent Victoria Park neighborhood of Ft. Lauderdale, Florida. Solely because of her race, Dr. Carroll was discriminated against by members

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

of Wells Fargo's banking staff and denied services provided to non-African-American customers of Wells Fargo.

3. This is an action against Wells Fargo to recover damages pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*, as amended, ("Section 1981").

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Venue in this District is proper under 28 U.S.C. 1391 because a substantial part of the events and omissions complained of took place in this District.

## PARTIES

6. At all times relevant to this Complaint, Dr. Carroll was and is a U.S. Citizen, over the age of 18, and a person with standing to bring a claim under Section 1981.

7. Dr. Carroll is 78 years old and is of African-American descent.

8. Wells Fargo is the primary subsidiary of Wells Fargo & Company and designates its main office in Sioux Falls, South Dakota. Wells Fargo is a result of a merger between Wells Fargo & Company, Norwest Corporation, and Wachovia.

9. As of December 2017, Wells Fargo has 5,800 retail branches and 13,000 automated tellers. Wells Fargo has over 70 million customers globally. Dr. Carroll was simply hoping to be treated the same way as the many other millions of Wells Fargo customers.

10. Along with Bank of America, Citigroup, and JPMorgan Chase, Wells Fargo is one of the "Big Four Banks" of the United States.

## BACKGROUND AND GENERAL ALLEGATIONS

11. Dr. Carroll provides in this Background and General Allegations section the general

2 | P a g e

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

substance of certain factual allegations. Dr. Carroll does not intend that this section provide in exact detail, or necessarily in chronological order, any or all allegations. Rather, Dr. Carroll intends that this section merely provide Wells Fargo fair notice of the general nature and substance of her allegations.

12. On November 28, 2017, at or about 9:30 am, Dr. Carroll visited the Wells Fargo branch on North Federal Highway in Fort Lauderdale, Florida, to cash a $140.00 check she had received which was drawn upon a Wells Fargo checking account.

13. As Dr. Carroll was not a Well Fargo account holder, the teller—a young Caucasian female—asked Dr. Carroll for two forms of identification. Dr. Carroll provided her Florida driver's license as well as her United States passport, which were both current and valid.

14. Dr. Carroll also complied with the teller's request that she endorse the back of the check as well as to place her thumbprint on the check.

15. The teller began looking through Dr. Carroll's passport and after a few minutes, Dr. Carroll asked if there was a problem. The teller told Dr. Carroll that she had to check on a few things and asked her to have a seat on the couch in the lobby.

16. Dr. Carroll dutifully complied, but after 30 minutes, grew quite impatient and asked to see a manager. The Caucasian female manager came out and asked Dr. Carroll to continue waiting. Dr. Carroll then just asked for her identification and check back and was informed by the manager that she would not return any of it to her and that the manager had called the police.

17. At that point, a personal banker saw what was going on and ushered Dr. Carroll into a private office, commenting that it should have been done much sooner.

18. After another 30 minutes went by without explanation from Wells Fargo, Dr. Carroll was fed up and returned to the teller and said she could just keep the check and just return

3 | P a g e

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

4 | P a g e

her identification, so she could be on her way.

19. The teller refused.

20. Dr. Carroll could not understand why the police had not yet arrived so she called the police herself. Apparently, Wells Fargo had not called the police, but had told Dr. Carroll that they had. Dr. Carroll asked that a unit be dispatched and in just a few minutes, two Ft. Lauderdale Police Officers arrived at the branch.

21. The officers examined the "questionable" identification and concluded that there was nothing suspicious or improper about Dr. Carroll's driver's license or passport.

22. After nearly 3 hours, the manager finally handed Dr. Carroll her $140.00, and returned her identification.

23. Neither the teller nor the manager ever apologized to Dr. Carroll.

24. Dr. Carroll was outraged, humiliated, and determined to prevent this injustice from happening again.

25. Dr. Carroll called Wells Fargo's customer service department to lodge a complaint and was quite taken aback by what Micah—the representative who answered the call—told her.

26. Micah told Dr. Carroll that he "hate[s] to say it, but that branch was notorious for treating black people poorly."

27. Micah said he would pass on the information to the district manager to investigate.

28. Upon information and belief, a few days later, the branch manager was transferred.

29. All conditions precedent to the filing of this action have occurred or have been waived.

## COUNT I
### Violation of §1981

30. Dr. Carroll repeats, realleges and incorporates paragraphs 1 through 30.

4 | P a g e

31. As described above, Wells Fargo's outrageous conduct constituted discrimination because of Dr. Carroll's race in violation of Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, *et seq.*

32. Through Wells Fargo's discriminatory conduct, it deprived Dr. Carroll of her right to make and enforce contracts on the same terms as enjoyed by white persons, in violation of 42 U.S.C. § 1981.

33. In addition, Wells Fargo is liable for its employees' actions under the doctrine of *respondeat superior.*

34. Dr. Carroll is an African-American woman. Wells Fargo denied Dr. Carroll the opportunity to cash a $140.00 check solely because she is an African-American woman. Dr. Carroll's race was the motivating factor why Wells Fargo discriminated against Dr. Carroll. By virtue of Wells Fargo's actions and inactions as set forth above, Wells Fargo has violated §1981.

35. Wells Fargo's conduct in discriminating against Dr. Carroll due to her race was intentional. Wells Fargo engaged in a discriminatory practice with malice or with reckless indifference to the federally protected rights of Dr. Carroll.

36. As a direct and proximate result of Wells Fargo's actions, Dr. Carroll has suffered personal humiliation, loss of capacity for the enjoyment of life, mental anguish, and embarrassment justifying an award including compensatory damages and punitive damages according to proof against Wells Fargo.

37. As a result of the deprivations of rights at the hands of Wells Fargo, Dr. Carroll has retained Rodal Law, P.A., and has agreed to pay them a reasonable fee, which she is entitled to recover pursuant to 42 U.S.C. 1988(b) and otherwise by law.

**WHEREFORE**, Plaintiff, Barbara Anne Carroll, demands judgment against Wells

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

Fargo, N.A. for damages as set forth above, attorney's fees and costs pursuant to 42 U.S.C. 1988(b) and for such further relief as this Court deems just and equitable.

## COUNT II
### Intentional Infliction of Emotional Distress

38. Dr. Carroll repeats, realleges and incorporates paragraphs 1 through 30.

39. Wells Fargo's employees engaged in extreme and outrageous conduct by refusing to allow Dr. Carroll to cash her check due to her race and color. Wells Fargo's employees continued extreme and outrageous conduct by not returning Dr. Carroll's check or identification and otherwise not allowing her to leave the bank.

40. Wells Fargo's actions intentionally, or in the alternative, recklessly caused Dr. Carroll severe emotional distress. Wells Fargo's actions were malicious.

**WHEREFORE**, Plaintiff, Barbara Anne Carroll, demands judgment against Wells Fargo, N.A. for damages as set forth above and for such further relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Barbara Anne Carroll, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Yechezkel Rodal
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: Chezky@Rodallaw.com
Sonja L. Cajuste, Esq.
Florida Bar No.: 102983
Email: sonja@Rodallaw.com
Rodal Law, P.A.
3201 Griffin Road, Suite 203
Dania Beach, Florida 33312
Telephone: (954) 367-5308
Facsimile: (954) 900-1208
*Counsel for Dr. Carroll*

6 | Page

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com